## WILLIAMS v COLUMBUS (city)

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3082. Decided Feb. 6, 1940.

Robert R. Shaw, Columbus, for appellant.

John L. Davies, City Attorney, Columbus, and Charles R. Petree, Asst. City Attorney, Columbus, for appellee.

## OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of Plaintiff's appeal from the judgment of the Court of Common Pleas of Franklin County, Ohio.

The notice of appeal erroneously states that it is an appeal on a question of law and fact. We would suggest that counsel examine §12223-1 GC, so as to better understand the distinction between an appeal on a question of law and an appeal on a question of law and fact.

No assignment of errors is presented as required under our rules. However, it is fairly discernible from the briefs that the only question raised is a claim that the finding and judgment was against the manifest weight of the evidence.

The cause originated in the Municipal Court of the city of Columbus. On the early morning of September 26, 1937, Mr. Williams, while driving in his automobile with his wife, was ordered to headquarters by two policemen who were trailing him in a cruiser. The officers' complaint at that time was driving through a red traffic light.

When he arrived at headquarters and got out of his car, the officers claimed that they then discovered he was intoxicated and a charge was placed against him of operating a motor vehicle while in a state of intoxication in violation of a city ordinance.

The only evidence presented by the prosecution were the two officers.

In addition to the defendant's testimony, he presented evidence of some four or five other witnesses, all of whom gave competent evidence that the defendant was not intoxicated at earlier times during the night. Defendant's wife was with him at the time of the

arrest and also gave testimony that he was not intoxicated. The accused was found guilty and sentenced.

The case was taken on error to the Common Pleas Court where the judgment of the Municipal Court was affirmed.

The case is a typical one of conflict of testimony, and we, of course, are not inclined to reverse under conditions here presented.

We find no manifest error, and, therefore, the judgment of the courts below is affirmed.

Costs will be taxed against appellant.

HORNBECK, PJ. & GEIGER, J., concur.